IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL ISAACS, | : |
| Petitioner, | : |
| v. | : CASE NO. 7:12-CV-33-HL-MSH |
| | : 28 U.S.C. § 2241 |
| DEPARTMENT OF HOMELAND SECURITY, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

On February 2, 2012, Petitioner Isaacs, who is currently in the physical custody of the United States Immigration and Customs Enforcement ("ICE") at the Irwin County Detention Center in Ocilla, Georgia, filed the above-styled action. (ECF No. 1.)  On March 12, 2012, the Court ordered Respondent to file a responsive pleading within sixty days of receipt of the Order.[1]  On August 9, 2012, Respondent filed a Motion to Dismiss Petitioner's claims. (ECF No. 12).  Petitioner was notified of his right to respond to the motion via a twice-mailed order.  (ECF Nos. 13, 16.)  No response was filed, but Petitioner has filed several letters with the Court pertaining to the failure of the Respondent to respond to his petition and requests to be "brought to court."  (ECF Nos. 19 - 24.)

---

[1] Respondent received the Order to Answer issued by this Court on June 12, 2012. (ECF No. 12-1).  Thus, Respondent had until August 10, 2012, to file its Answer or responsive pleading. As such, the motion to dismiss filed by Respondent on August 9, 2012, was properly and timely filed.

## PETITIONER'S CLAIMS

Petitioner contends that he is being illegally held by the Immigration and Customs Enforcement Agency ("ICE") and the Department of Homeland Security ("DHS") since his arrest by ICE on January 19, 2010. (Pet. for Hab. Corp. 1, ECF No. 1) Petitioner's sole contention is that he is a legal permanent resident of the United States and as such, is not deportable. (*Id.*)

## FINDINGS OF FACT

1. Petitioner is currently detained by the Immigration and Custom Enforcement (ICE) at the Irwin County Detention Center in Ocilla, Georgia. (ECF No. 1)

2. Petitioner is a native and citizen of Jamaica who alleges he entered the United States in 1981 as a legal permanent resident. (ECF No. 1.)

3. On December 31, 2001, Petitioner pled guilty to simple battery and disorderly conduct.[2] Petitioner was sentenced to five months in jail, but was credited with time served. (Resp't's Ex. H.)

4. On March 21, 2002, Petitioner was convicted on two counts of Family Violence Battery and was sentenced to 24 months in prison, 22 of which were to be served on probation (Resp't's Ex. I)

5. On January 19, 2010, a Notice to Appear ("NTA") was issued and Petitioner was served with said NTA on February 26, 2010. (Resp't's Ex. A). The NTA charged that Mr. Isaacs was removable because he was convicted of an aggravated felony on March 21, 2002. (*Id.*) Specifically, the NTA charged, Mr. Isaacs was "convicted in the Cobb County State Court at Marietta, Georgia, for the offense of Family Violence Battery and Simple Battery in violation of OCGA 16-5-23" and "sentenced to a term of imprisonment of 24 months." (*Id.*; Ex. I).

6. On April 25, 2011, Petitioner was ordered to be removed by an Immigration Judge, where the judge found that Petitioner's crimes were deemed an aggravated felony under 8 U.S.C. § 1101(a)(43)(R), thus making Petitioner deportable. (Resp't's Ex. B.)

---

[2] Petitioner was originally charged with Domestic Violence Battery, Cruelty to Children- 2nd Degree, and Terroristic Threats.

10. Petitioner then filed an appeal with the Board of Immigration Appeals ("BIA") on May 17, 2011. (Resp't's Ex. C.) The BIA remanded the case for the Immigration Judge to execute a full written order. (Resp't's Ex. D.)

11. On February 7, 2012, the Immigration Judge issued a full written order. (Resp't's Ex. E.)

12. On July 13, 2012, the BIA dismissed Petitioner's appeal, thus making the Immigration Judge's decision to remove Petitioner administratively final. (Resp't's Ex. G.)

## DISCUSSION

### I. Motion to Dismiss

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id.* Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id. See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

**II.      Detention Prior to Final Removal Order**

Section 236(c) of the Immigration and Nationality Act, 8 USC § 1226(c), directs the Attorney General to take into custody any alien who is removable from this country because he has been convicted of at least one of a specified set of crimes.[3]  The alien may not be released during removal proceedings, which includes judicial review of the administrative removal order.  *See* 8 U.S.C. § 1226(c)(1).  The statute states that it is immaterial whether the alien is not a danger to society or a flight risk.  *Id.*

In this case, when Petitioner filed the current application for habeas corpus relief, his order of removal was not administratively final.  The United States Supreme Court has upheld the validity of mandatory detention of aliens during removal proceedings.  In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court flatly rejected a detained alien's constitutional attack on the validity of section 236(c) of the Act, which provides for the mandatory detention (without a bond hearing) of certain criminal aliens. The alien in *Demore* was a lawful permanent resident, who complained that section 236(c) violated the Due Process Clause of the Fifth Amendment because it requires detention without an administrative determination that the alien is a danger to society or a flight risk. *Id.* at 514.  The Supreme Court squarely held that section 236(c) was valid.  *Id.* at 531.

---

[3] (1) Custody
The Attorney General shall take into custody any alien who—
>    (A) is inadmissible by reason of having committed any offense covered in section 1182 (a)(2) of this title,
>    (B) is deportable by reason of having committed any offense covered in section 1227 (a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>    (C) is deportable under section 1227 (a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [1] to a term of imprisonment of at least 1 year, or
>    (D) is inadmissible under section 1182 (a)(3)(B) of this title or deportable under section 1227 (a)(4)(B) of this title,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

"Detention during removal proceedings is a constitutionally permissible part of that process." *Id.* The Court noted that, while the Fifth Amendment entitles aliens to the protection of due process in deportation proceedings,

> [the] Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process. As [the Court] said more than a century ago, deportation proceedings "would be vain if those accused could not be held in custody pending the inquiry into their true character."

*Demore*, 538 U.S. at 523 (citations omitted). As the Court explained, "Such detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528. Therefore, because he had been convicted of an aggravated felony, at the time he filed his petition Petitioner's petition failed to state a cognizable claim for habeas corpus relief.

### III.   Detention After Final Removal Order

As stated above, the BIA's dismissal of Petitioner's Appeal of the Removal Order on July 13, 2012, made the removal order administratively final. Petitioner's detention by the INS pending removal from the United States is thus governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish an alien's removal from the United States following the entry of a final order of deportation or removal. INA § 241(a)(1)(A)-(B); 8 U.S.C. § 1231(a)(1)(A)-(B). During the 90-day period, Congress has mandated detention of the alien ordered removed. INA § 241(a)(2); 8 U.S.C. § 1231(a)(2). Additionally, the ninety-day removal period may be extended "if

the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found that section 241(a) of the INA authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal. *Id*. at 701. The six month presumption does not mean that every detainee not removed within the time period must be released. To the contrary, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future. *Zadvydas*, 533 U.S. at 701. The Court of Appeals for the Eleventh Circuit has specifically held that to be released pursuant to the ruling in *Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (internal quotation marks and citation omitted).

In this case, Petitioner's removal order became final for administrative purposes on July 13, 2012. Pursuant to *Zadvydas*, detention of Petitioner is authorized for six months following the date Petitioner was ordered removed. Because that six month time

has not elapsed in this case, Petitioner's request for habeas relief in the form of immediate release is premature and must be denied.  *See Gozo*, 309 F. App'x at 346.

## CONCLUSION

WHEREFORE, IT IS RECOMMENDED that Petitioner=s Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED** for the foregoing reasons.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED this 31st day of October, 2012.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE